# United States Court of Appeals for the Federal Circuit

05-3364

PATRICIA A. HERNANDEZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Patricia A. Hernandez, of Bonita, California, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3364

PATRICIA A. HERNANDEZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

NONPRECEDENTIAL DECISION ISSUED:    March 10, 2006
PRECEDENTIAL OPINION ISSUED:       June 21, 2006

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Patricia A. Hernandez ("Ms. Hernandez") appeals the final decision of the Merit Systems Protection Board (the "Board") affirming the decision of the Office of Personnel Management ("OPM") denying her request for survivor annuity benefits under the Civil Service Retirement System ("CSRS"). We affirm.[1]

BACKGROUND

Ms. Hernandez married Juan Hernandez ("Mr. Hernandez") on June 18, 1976. Mr. Hernandez filed for CSRS retirement annuity benefits effective May 1, 1999, electing reduced annuity payments to provide survivor benefits for his spouse. Mr. and

_____

[1] This opinion was originally issued on March 10, 2006, as non-precedential. The panel has granted the respondent's Request that the Court's March 10, 2006, Opinion Be Reissued as Precedential.

Ms. Hernandez divorced on August 17, 2001. The marital separation agreement ("MSA") allocated "Retirement benefits from [Mr. Hernandez's] employment through the Federal Government . . . TO HUSBAND." App. at 2.

Mr. Hernandez informed OPM of the divorce and inquired about terminating surviving spouse benefits by letter dated December 25, 2001. OPM in a letter to Mr. Hernandez dated February 23, 2002, responded: "If you would like to terminate your survivor election please forward your divorce decree to [OPM] . . . . Upon receipt of your divorce decree we should be able to give you the amount of your annuity recalculation." App. at 24. On September 16, 2002, Mr. Hernandez informed OPM by telephone that he had forwarded a copy of the MSA to OPM and that he wanted to terminate survivor benefits. The record does not disclose whether OPM received the MSA; Ms. Hernandez alleges that Mr. Hernandez's annuity was never increased to reflect termination of the survival election. Annual written notices distributed to all CSRS annuitants between 1989 and 2003 stated that "retirees are eligible to elect a reduced annuity to provide a survivor annuity for a former spouse if they send a signed request to OPM . . . within 2 years after the date the marriage ended by divorce or annulment . . . ." App. at 6. Mr. Hernandez never explicitly elected former spouse benefits for his former spouse, Ms. Hernandez. Mr. Hernandez died February 4, 2004.

OPM denied Ms. Hernandez's request for survivor benefits on June 22, 2004. Ms. Hernandez appealed to the Board, which affirmed OPM's determination in an initial decision issued December 17, 2004. The Board concluded that under 5 C.F.R. § 831.632, because they divorced, Mr. Hernandez was required to make an affirmative election to grant Ms. Hernandez former-spousal survivor benefits; that OPM had

properly notified Mr. Hernandez of this requirement; that Mr. Hernandez had neither expressly nor impliedly made such an election; and that Mr. Hernandez did not intend to afford Ms. Hernandez survivor benefits after the divorce. The Board also found no provision in the MSA granting Ms. Hernandez survivor annuity benefits. The Board denied Ms. Hernandez's petition for review of the initial decision on July 21, 2005.

Ms. Hernandez timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Divorce terminates a prior election of spousal survivor benefits. 5 U.S.C. § 8339(j)(5)(A) (2000). A former spouse may receive survivor benefits if the CSRS annuitant makes an affirmative election to grant such benefits. 5 U.S.C. § 8339(j)(3) (2000). The government must "on an annual basis, inform each annuitant of such annuitant's rights of election under section 8339(j)." 5 U.S.C. § 8339 note (2000). Congress' enactment of this notice requirement "means that the information must be correct and not misleading." Wood v. Office of Pers. Mgmt., 241 F.3d 1364, 1367 (Fed. Cir. 2001). A former spouse may receive survivor annuity benefits even without an affirmative election by the annuitant if (1) the annuitant did not receive the required notice, and (2) "there [is] evidence sufficient to show that the retiree indeed intended to

provide a survivor annuity for the former spouse." Id. at 1368; Vallee v. Office of Pers. Mgmt., 58 F.3d 613, 616 (Fed. Cir. 1995).

In Simpson v. Office of Personnel Management, 347 F.3d 1361, 1365 (Fed. Cir. 2003), we held that notice is insufficient if it does not "stat[e] that a pre-divorce election automatically terminates upon divorce and that an annuitant must make a new election to provide a survivor annuity for a former spouse." The annual notices Mr. Hernandez received made neither of these statements—rather, they stated that an annuitant is "eligible to elect" survivor benefits for a former spouse and that the election may be made by a "signed request to OPM." The notice here does not make clear that such a written election is required for survivor benefits to continue after divorce. In Wood, we also held that notice is insufficient if it does not inform the annuitant "that his continued receipt of a reduced annuity would not suffice to constitute an election." 241 F.3d at 1367. No notice was given here to inform Mr. Hernandez that "continued receipt of a reduced annuity would not suffice to constitute an election." After receiving the annual notices Mr. Hernandez, who, we assume, continued to receive the reduced annuity required to provide survivor benefits, could still have reasonably concluded that his pre-divorce election remained effective after the divorce, and that no further action was required to preserve Ms. Hernandez's survivor benefits. Thus, the notice was insufficient to inform Mr. Hernandez that, after divorce, a written reelection of survivor benefits was required. Under Simpson, OPM's annual notice was legally insufficient.

Nevertheless, the Board's decision was supported by substantial evidence despite the inadequacy of the notice. Under Wood, inadequate notice only entitles a former spouse to benefits if there is sufficient evidence that the annuitant intended the

former spouse to receive such benefits. Ms. Hernandez asserts that although OPM never increased Mr. Hernandez's annuity payments after he requested discontinuance of survivor benefits, Mr. Hernandez did not contact OPM again regarding his annuity after the September 16, 2002, telephone call.[2] We have held that "an employee's continued acceptance of a reduced annuity following divorce, standing alone, adequately demonstrate[s] that employee's intent to provide a survivor annuity for the former spouse," Wood, 241 F.3d at 1368. Here, however, Mr. Hernandez's continued acceptance of a reduced annuity does not stand alone. The Board found that Mr. Hernandez took affirmative steps to discontinue survival benefits for Ms. Hernandez after the divorce. Such actions are fundamentally inconsistent with the intent to continue to provide such benefits. We thus conclude that the Board's decision to affirm the denial of survivor benefits is supported by substantial evidence.

CONCLUSION

The Board's decision is

AFFIRMED.

COSTS

No costs.

---

[2] Mr. Hernandez's will, executed November 24, 2003, provides in pertinent part that Mr. Hernandez's "[OPM] insurance policy shall be distributed to Patricia Hernandez (per policy survivor benefits)." App. at 27. Ms. Hernandez insists that this provision is pertinent to Mr. Hernandez's intent regarding survivor benefits. We agree with the Board that this provision is irrelevant because it bequeaths an insurance policy and does not relate to CSRS survivor annuity benefits.