NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3154


SARAH Y. DUBOISE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Sarah Y. DuBoise, of Grants, New Mexico, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3154

SARAH Y. DUBOISE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0831080403-I-1.

_____

DECIDED: January 25, 2010

_____

Before RADER, PLAGER, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Opinion concurring in part and dissenting in part filed by Circuit Judge PLAGER.

PROST, Circuit Judge.

Petitioner Sarah Y. DuBoise appeals the February 10, 2009 decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") denial of her request for a survivor annuity retirement benefit based on the federal service of her late former spouse, Sammie DuBoise. Because the Board by way of the administrative judge mistakenly relied on a statutorily required notice dated December 2005, which it believed was dated December 2006, we vacate and remand for further proceedings consistent with this opinion.

BACKGROUND

When Mr. DuBoise retired from the Department of the Interior on June 1, 1998, he elected to receive a fully reduced annuity to provide the maximum survivor annuity to Ms. DuBoise, who was then his wife. The DuBoises divorced in April 2006. The divorce decree made no reference to a survivor annuity for Ms. DuBoise. Mr. DuBoise continued to receive a reduced annuity until his death in September 2007. Ms. DuBoise sought survivor benefits based on Mr. DuBoise's service.

Although Ms. DuBoise was entitled to survivor annuity benefits as a result of Mr. DuBoise's election at retirement, that entitlement terminated when the DuBoises divorced. See 5 U.S.C. § 8339(j)(5). The law provides that a former spouse of a federal employee is entitled to a survivor annuity if a divorce decree expressly provides for one, 5 U.S.C. § 8341(h)(1), or if the annuitant makes a new election to grant a survivor annuity within two years of the divorce. Id.; 5 U.S.C. § 8339(j)(3).

OPM denied Ms. DuBoise's original request as well as her request for reconsideration, finding that when Mr. DuBoise divorced Ms. DuBoise, his prior election of a survivor annuity for Ms. DuBoise terminated. She appealed the reconsideration decision to the Board. The administrative judge assigned to Ms. DuBoise's case found that the divorce decree contained no language that could fairly be read as providing a survivor annuity, a finding Ms. DuBoise has not challenged on appeal. It is also undisputed that Mr. DuBoise did not make a new election pursuant to 5 U.S.C. § 8339(j)(3) during the remaining seventeen months of his life after the divorce.

A former spouse, however, may receive survivor annuity benefits in the absence of a new election by the annuitant if (1) the annuitant did not receive the required annual

notice of his election rights under 5 U.S.C. § 8339(j), see Pub. L. No. 95-317, § 3, 92 Stat. 382 (1978), and (2) "'there is evidence sufficient to show that the retiree indeed intended to provide a survivor annuity for the former spouse.'" Hernandez v. Office of Pers. Mgmt., 450 F.3d 1332, 1334-45 (Fed. Cir. 2006) (quoting Wood v. Office of Pers. Mgmt., 241 F.3d 1364, 1368 (Fed. Cir. 2001)). "When a nonfrivolous allegation is made that OPM has not sent the mandatory notice as required by statute, the burden of going forward (or the burden of production) falls to OPM." Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed. Cir. 1992). OPM must then prove that the mandatory notice was actually sent to Mr. DuBoise and that the contents of the notice were legally sufficient to inform him of the need to make a new election after the divorce in order to continue Ms. DuBoise's right to a survivor annuity. See Simpson v. Office of Pers. Mgmt., 347 F.3d 1361, 1365 (Fed. Cir. 2003); Brush, 982 F.2d at 1560-61.

Before the administrative judge, as support, OPM submitted the affidavit of Cyrus Benson, the official who administers the contract for printing and distributing form notices for OPM's Center for Retirement and Insurance Service, who stated that general notices regarding survivor elections were sent to all annuitants each December from 1991 to 2006. The administrative judge explained that OPM also submitted copies of the notices sent in 2005 and 2006. The administrative judge reviewed what OPM had identified as the 2006 notice and concluded that its language was adequate to inform Mr. DuBoise of the need to reelect a survivor annuity within two years of his divorce.

Though it did not affect the outcome, the administrative judge further found that Mr. DuBoise intended to provide a survivor annuity for Ms. DuBoise. Family members testified that Mr. DuBoise intended to provide for Ms. DuBoise during his lifetime and

after his death. The record also shows that following the divorce, and until his death, Mr. DuBoise continued to receive a reduced annuity. The government does not challenge the administrative judge's finding that Mr. DuBoise intended to continue to provide a survivor annuity for Ms. DuBoise.

The administrative judge's initial decision became the final decision of the Board when the Board denied Ms. DuBoise's petition for review. Ms. DuBoise appeals. On July 9, 2009, upon bringing to our attention that it inadvertently misidentified the annual 2004 and 2005 notices it submitted to the MSPB as the 2005 and 2006 notices, OPM requested a remand. Ms. DuBoise opposed the motion on the grounds that proof of a notice having been sent fails to constitute proof that Mr. DuBoise received it. We initially denied OPM's motion. We have jurisdiction pursuant to 28 U.S.C. § 1295(9).

DISCUSSION

We review a decision of the Board to determine, among other things, whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . or unsupported by substantial evidence." See 5 U.S.C. § 7703(c).

The government concedes on appeal that the annual notice identified by OPM as the December 2006 notice, and referred to as such by the administrative judge, was actually the December 2005 notice. The only other notice in evidence was the December 2004 notice. OPM failed to provide the December 2006 notice, which is the only notice that should have been sent to Mr. DuBoise after the divorce and before his death, and therefore the relevant notice here. See Hairston v. Office of Pers. Mgmt., 318 F.3d 1127, 1131 (Fed. Cir. 2003) ("It is the first notice received after the finalization of the divorce that is critical because it is at that point at which the employee's election

rights to provide a former spouse annuity begin."). The administrative judge examined the language of the 2005 notice, mistakenly believing it was the 2006 notice, in order to determine if it was sufficient to inform annuitant of his reelection right. Thus, the administrative judge relied on the misidentified notice to support her conclusion that OPM sent Mr. DuBoise adequate notice in 2006 of the need to make a new election.

Presumably upon discovery of the discrepancy of both what was actually in the record and the administrative judge's reliance on that document, OPM requested a remand stating "the current administrative record is inadequate for determining whether OPM sent Mr. DuBoise the required notice in 2006, and whether the content of the 2006 notice was adequate to inform Mr. DuBoise of his right to make a new election." OPM's request included augmentation of the administrative record and additional fact-finding. We initially denied OPM's motion. However, upon further review of the record, we conclude that a remand is appropriate for purposes of allowing the administrative judge to determine whether such an augmentation is appropriate in the first instance based on these specific facts, and thereafter, to reevaluate this case based upon the record. We therefore vacate and remand for further proceedings consistent with this opinion.

## COSTS

Each party shall bear its own costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3154

SARAH Y. DUBOISE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0831080403-I-1.

PLAGER, <u>Circuit Judge</u>, concurring in part and dissenting in part.

I concur in the majority's statement of the facts and law of this case. Where I part company with the majority is over what to make of all this. I respectfully dissent from the majority's denial of judgment for Mrs. DuBoise.

*The Facts.* At the time of his retirement, Mr. DuBoise elected to receive a fully reduced retirement annuity in order to provide the maximum survivor annuity to his wife. Majority Op. at 2. Despite their subsequent divorce, the evidence is conclusive, and the Government does not challenge, that Mr. DuBoise intended to continue to provide a survivor annuity for Mrs. DuBoise; presumably, had Mr. DuBoise known it was necessary, he would have filed with OPM his election protecting the survivor benefit for her. <u>Id.</u> at 4. Following the divorce, Mr. DuBoise continued to receive only a reduced annuity, thus continuing to pay for the survivor annuity which he had elected at

retirement for Mrs. DuBoise. Id. at 3-4. Mr. DuBoise died some seventeen months after the divorce, still within the two-year period for making a new election. Id. at 2.

*The Law.* If OPM did not send to Mr. DuBoise the statutorily required annual notice of his right to elect a survivor benefit for his divorced spouse, that failure by OPM, when coupled with the evidence that Mr. DuBoise intended to provide a survivor benefit for her, would obviate the need for a new election by the retired spouse, and Mrs. DuBoise would be entitled to her survivor annuity. Id. at 2-3 (citing Hernandez v. Office of Pers. Mgmt., 450 F.3d 1332, 1334-35 (Fed. Cir. 2006)). "'When a nonfrivolous allegation is made that OPM has not sent the mandatory notice as required by statute, the burden of going forward (or the burden of production) falls to OPM.'" Id. at 3 (quoting Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed. Cir. 1992)). "OPM must then prove that the mandatory notice was actually sent to Mr. DuBoise and that the contents of the notice were legally sufficient to inform him of the need to make a new election after the divorce in order to continue Ms. DuBoise's right to a survivor annuity." Id. at 3 (citing Simpson v. Office of Pers. Mgmt., 347 F.3d 1361, 1365 (Fed. Cir. 2003)).

In presenting its case before the Board in opposition to Mrs. DuBoise's claim for her survivor benefit, "OPM failed to provide [i.e., put into evidence] the December 2006 notice, which is the only notice that should have been sent to Mr. DuBoise after the divorce and before his death, and therefore the relevant notice here." Id. at 4.

*What to make of all this.* At the conclusion of proceedings before the Board, the Government had failed to satisfy its burden of establishing that adequate notice was sent to Mr. DuBoise, which was the critical issue in the case. The fact that the failure

was due to a perhaps understandable degree of confusion on the part of OPM in getting its papers straight is hardly a reason to give the Government a second bite at the adversary apple. Had it been Mrs. DuBoise who failed to provide evidence, I cannot imagine we would send the case back to give her another chance to prove her case.

We should hold the Government to the same degree of care in its litigation behavior as the Government expects from its adversaries. Under the established rules of adversary litigation, Mrs. DuBoise won this particular contest. There are no compelling equities in the Government's favor that demand we make an exception here; indeed, the equities are all on the other side. Because we cannot uphold a decision of the Board that is "unsupported by substantial evidence," 5 U.S.C. § 7703(c), I would award Mrs. DuBoise the survivor benefit to which the rule of law entitles her. I respectfully dissent from the majority's remand of the case to the Board to see if the Government can do better next time.