PLAGER, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s statement of the facts and law of this case. Where I part company with the majority is over what to make of all this. I respectfully dissent from the majority’s denial of judgment for Mrs. DuBoise.
The Facts. At the time of his retirement, Mr. DuBoise elected to receive a fully reduced retirement amiuity in order to provide the maximum survivor annuity to his wife. Majority Op. at 36. Despite them subsequent divorce, the evidence is conclusive, and the Government does not challenge, that Mr. DuBoise intended to continue to provide a survivor annuity for Mrs. DuBoise; presumably, had Mr. Du-Boise known it was necessary, he would have filed with OPM his election protecting the survivor benefit for her. Id. at 37. Following the divorce, Mr. DuBoise continued to receive only a reduced annuity, thus continuing to pay for the survivor annuity which he had elected at retirement for Mrs. DuBoise. Id. at 36-37. Mr. DuBoise died some seventeen months after the divorce, still within the two-year period for making a new election. Id. at 36.
The Lain. If OPM did not send to Mr. DuBoise the statutorily required annual notice of his right to elect a survivor benefit for his divorced spouse, that failure by OPM, when coupled with the evidence that Mr. DuBoise intended to provide a surviv- or benefit for her, would obviate the need for a new election by the retired spouse, and Mrs. DuBoise would be entitled to her survivor annuity. Id. at 36 (citing Hernandez v. Office of Pers. Mgmt., 450 F.3d 1332, 1334-35 (Fed.Cir.2006)). “ When a nonfrivolous allegation is made that OPM has not sent the mandatory notice as required by statute, the burden of going forward (or the burden of production) falls to OPM.’ ” Id. at 36 (quoting Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed.Cir.1992)). “OPM must then ¡orove that the mandatory notice was actually sent to Mr. DuBoise and that the contents of the notice were legally sufficient to inform him of the need to make a new election after the divorce in order to continue Ms. DuB oise’s right to a survivor annuity.” Id. at 36 (citing Simpson v. Office of Pers. Mgmt., 347 F.3d 1361, 1365 (Fed.Cir.2003)).
In presenting its case before the Board in opposition to Mrs. DuBoise’s claim for her survivor benefit, “OPM failed to provide [i.e., put into evidence] the December 2006 notice, which is the only notice that should have been sent to Mr. DuBoise after the divorce and before his death, and therefore the relevant notice here.” Id. at 4.
What to make of all this. At the conclusion of proceedings before the Board, the Government had failed to satisfy its burden of establishing that adequate notice was sent to Mr. DuBoise, which was the critical issue in the case. The fact that the failure was due to a perhaps understandable degree of confusion on the part of OPM in getting its papers straight is hardly a reason to give the Government a second bite at the adversary apple. Had it been Mrs. DuBoise who failed to provide evidence, I cannot imagine we would send the case back to give her another chance to prove her case.
We should hold the Government to the same degree of care in its litigation behavior as the Government expects from its adversaries. Under the established rules of adversary litigation, Mrs. DuBoise won this particular contest. There are no compelling equities in the Government’s favor *39 that demand we make an exception here; indeed, the equities are all on the other side. Because we cannot uphold a decision of the Board that is “unsupported by substantial evidence,” 5 U.S.C. § 7703(c), I would award Mrs. DuBoise the survivor benefit to which the rule of law entitles her. I respectfully dissent from the majority’s remand of the case to the Board to see if the Government can do better next time.