NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**CAROL L. BANKS,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3203

---

Petition for review of the Merit Systems Protection Board in case no. CH0841100976-I-1.

---

Decided: February 14, 2012

---

CAROL L. BANKS, Country Club Hills, Illinois, pro se.

MATTHEW F. SCARLATO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before LINN, CLEVENGER, and REYNA, *Circuit Judges*.

PER CURIAM.

Carol L. Banks appeals the decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of her request for a survivor annuity. *Banks v. Office of Pers. Mgmt.*, No. CH0841100976-1-1 (M.S.P.B. November 30, 2010) ("Initial Decision"), (M.S.P.B. June 14, 2011) ("Final Order"). This court *affirms*.

I

Carol and Eugene Banks married in 1983. On April 7, 2001, Eugene, a physician for Hines Veterans Administration Hospital, filed for disability retirement under the Federal Employee Retirement System ("FERS") and elected a survivor annuity for Ms. Banks. In a letter dated October 18, 2001, the Office of Personnel Management ("OPM") notified Dr. Banks that his retirement was approved. The letter further advised Dr. Banks that he should notify OPM if there was any change in his marital status. On June 8, 2005, the Bankses divorced, and the resulting divorce decree made no mention of an annuity for Ms. Banks.

Ms. Banks testified that at the time of their divorce, she and Dr. Banks decided she would receive former spouse annuity. According to Ms. Banks, their attorneys were aware of the arrangement but failed to reflect the agreement in the language of the divorce decree. She also testified that after their divorce, Dr. Banks continued to receive a reduced annuity because he initially elected a spousal annuity when he retired and he did not notify OPM of his divorce. Ms. Banks testified that she and Dr. Banks maintained an amicable relationship after their

divorce and that Dr. Banks never told her he no longer wished to provide her with the annuity. Ms. Banks also testified that Dr. Banks never showed her his mail, including any OPM notices.

Two of the Banks' daughters testified that their parents maintained an amicable relationship after the divorce. Although one daughter lived with Dr. Banks, neither daughter knew of correspondence from OPM stating a need for Dr. Banks to make an election in order to provide Ms. Banks with spousal annuity benefits if their marriage ended. The daughters also testified that Dr. Banks did not show any intent of discontinuing Ms. Banks's spousal annuity benefits. The daughters stated that their father handled his own finances, and that neither assisted him with any paperwork.

Cyrus Benson, OPM administrator for printing and distribution of notices, provided an affidavit stating that OPM sent Dr. Banks general annual notices in 2005 and 2006 during the two-year period after the divorce. Mr. Benson's affidavit provided that general notices regarding survivor elections were sent in the same manner to all annuitants in December 2005 and 2006. Exemplaries of the forms sent to annuitants were attached to the affidavit.[1]

---

[1]    The form provides, in part:

With some exceptions, retirees are eligible to elect or reelect a reduced annuity to provide a survivor annuity for a former spouse if they timely submit an election to OPM 1) within 2 years after the date the marriage ended by divorce or annulment or 2) within 2 years after the date another former spouse loses entitlement to a potential survivor annuity. Please note that a new survivor annuity election is required within 2 years after the di-

Dr. Banks died on November 9, 2009. On February 26, 2010, Ms. Banks applied for Dr. Banks's survivor annuity benefits. OPM denied Ms. Banks's application twice because the divorce decree did not provide for former spouse annuity benefits and Dr. Banks did not make an election for Ms. Banks within two years of the divorce.

On September 1, 2010, Ms. Banks appealed OPM's decision to the Merit Systems Protection Board ("Board"). After weighing the testimony from Ms. Banks and her daughters and Mr. Benson's affidavit, the administrative law judge upheld OPM's decision to deny Ms. Banks survivor annuity benefits. The administrative law judge considered whether Dr. Banks intended to provide a former spouse annuity for Ms. Banks and found that Dr. Banks did based on the continued reduced annuity and Ms. Banks's and her daughters' testimony. However, the administrative law judge cited Dr. Banks's failure to make an election despite circumstantial evidence that he received notices concerning the need to make such an election. The administrative law judge stated that OPM established that it was more probable than not that "the annual notice was sent and what it said." *Initial Decision* at 6. The administrative law judge then addressed Ms.

---

vorce if you wish to provide a former spouse annuity, even if at retirement you elected to provide a survivor annuity for that spouse. The law provides for the continuation of a survivor reduction made at retirement after divorce if the annuitant reelects a survivor annuity for the former spouse within 2 years after the divorce. Continuing the survivor reduction, *by itself*, does not demonstrate an unmistakable intent to make a former spouse survivor reelection.

(emphasis in original).

Banks's burden to prove that Dr. Banks did not receive the annual notices. The administrative law judge found that Ms. Banks did not present testimony that Dr. Banks did not receive them, merely that his family was unaware if he had. Thus, the administrative law judge held that Ms. Banks did not sustain the burden of proof required to show OPM failed to meet its duty to notify Dr. Banks and denied Ms. Banks's request for survivor annuity benefits.

Ms. Banks filed a petition for review with the Board. She argued that Dr. Banks did not receive the annual notices and provided two of Dr. Banks's direct deposit slips as evidence. According to Ms. Banks, these deposit slips showed that the notices were sent to the wrong address. Although Ms. Banks and the government agreed that Dr. Banks changed his address on November 27, 2001 to 3819 Streamwood Drive, Hazel Crest, IL 60429, the parties differed as to Dr. Banks's actions after this point. The government provided a printout from its internal website showing a change of address with an effective date of March 17, 2005 to 18035 Versailles Lane, Apartment 102, Hazel Crest, IL 60429. Ms. Banks argued that Dr. Banks did not submit his new address until October 28, 2009, when he changed his address to 3621 W 176 Place, Country Club Hills, IL 60478. She cited the direct deposit slips as evidence of Dr. Bank's failure to update his address.

On June 14, 2011, the Board dismissed Ms. Banks's appeal. It held that the administrative law judge correctly found that OPM met its burden of demonstrating it provided Dr. Banks with sufficient notice. The Board found that OPM recorded separate addresses for paying benefits and for sending correspondence and that the correspondence address was correct. The Board determined that Ms. Banks did not submit new, previously

unavailable evidence and upheld the administrative law judge's decision.

Ms. Banks appealed the Board's decision to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Ms. Banks appeals the decision of the Board finding (1) that OPM gave adequate notice to Dr. Banks concerning the need to make an election within two years of their divorce; and (2) that Dr. Banks failed to make an election for Ms. Banks after their divorce.

A

This court must affirm decisions of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). *See also Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624 (1995); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986).

B

A former spouse may receive benefits absent a court order or timely election if two conditions are met: the annuitant did not receive the required annual notice of his election rights; and "'there is evidence sufficient to show that the annuitant intended to provide a survivor annuity for the former spouse.'" *Downing v. Office of Pers. Mgmt.*, 619 F.3d 1374, 1377 (Fed. Cir. 2010). (quoting *Hernandez v. Office of Pers. Mgmt.,* 450 F.3d 1332,

1334-35 (Fed. Cir. 2006)).  The burden is on OPM to show that it has complied with the notice requirement by providing "credible evidence that it is more probable than not that the annual notice was sent." *Brush v. Office of Pers. Mgmt.*, 982 F.2d 1554, 1560-61 (Fed. Cir. 1992); *see also Johnston v. Office of Pers. Mgmt.*, 413 F.3d 1339, 1342 (Fed. Cir. 2005).  Once OPM has met this burden, the appellant must put forth credible testimony or other evidence tending to support the contention that the annuitant did not receive the notice.  *Brush*, 982 F.2d at 1561.  In this instance, Ms. Banks asserts that Dr. Banks never received notice that he had to reelect Ms. Banks for a survivor annuity within 2 years of their final divorce decree.  OPM bears the burden of showing that it sent the requisite notice.

Ms. Banks asks this court to find that the Board decision that Dr. Banks updated his address during the necessary time period was unsupported by substantial evidence.  She argues that the record before this court shows that Dr. Banks consistently received his annuity payments through direct deposit to his financial institution and thus, Dr. Banks had no reason to confirm his address with OPM.  She contends that the exemplaries of the notices that OPM was purported to have sent in December 2005 and December 2006 do not indicate that Dr. Banks was the intended recipient, or that such notices were addressed to him, as the copies are mere forms.  Ms. Banks argues that OPM's own internal website printout shows that Dr. Banks's address of 3621 W 176 Place, Country Club Hills, IL 60478 was added to the database on February 28, 2008, and not earlier.  Ms. Banks also proffers that the website printout does not evidence a change of address because no such change is reflected in the Master Roll printout.

The government counters that the Board's determination is supported by substantial evidence; namely, OPM's affidavit that general notices were sent to all annuitants in the relevant years. The government argues that Ms. Banks misreads the website printout in that the Versailles Lane address was effective address as of the "Address Effective" date, or March 17, 2005, until the "Next Change" date, February 27, 2008. The government contends that this time period includes the dates that OPM sent both notices to annuitants, thereby undermining Ms. Banks's argument that OPM sent Dr. Banks's notices to the wrong address. The government also states that although Ms. Banks argues that the correct address is not reflected in the Master Roll printout, it is, in fact, the data from the website printout that reflects the address used by OPM for sending notices during the relevant period.[2]

This court has previously held that an affidavit similar to Mr. Benson's is alone sufficient to satisfy OPM's burden. *Schoemakers v. Office of Pers. Mgmt.,* 180 F.3d 1377, 1381 (Fed. Cir. 1999). Although Ms. Banks is correct that the exemplary notices OPM submitted were not specifically addressed to Dr. Banks, the Board relied upon Mr. Benson's affidavit to find that Dr. Banks received the notices. We find that substantial evidence supports the Board's determination that Dr. Banks had actual notice of the statutory requirements to reelect Ms. Banks as a beneficiary.

---

[2] The government also argues that Ms. Banks failed to raise this argument before the Board, and it is therefore waived, citing *Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed. Cir. 1998).

Accordingly, this court affirms the decision of the Board affirming OPM's denial of her request for a survivor annuity.

## AFFIRMED

Each party shall bear its own costs.