# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRY A. WILLIAMS,<br><br>             Appellant,<br><br>        v.<br><br>OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>             Agency. | DOCKET NUMBER<br>DC-0831-14-1065-I-1<br><br><br><br>DATE: September 15, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Terry A. Williams</u>, Norfolk, Virginia, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for a former spouse survivor annuity.  Generally, we grant petitions such as this one only when:  the initial decision contains

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant and Robert Williams were married on November 12, 1975. Initial Appeal File (IAF), Tab 13 at 41. On May 30, 1995, Mr. Williams retired from Federal service under the Civil Service Retirement System (CSRS), and elected a reduced retirement annuity with a survivor annuity benefit for the appellant. *Id*. at 37-40. The appellant and Mr. Williams divorced on February 19, 2003. *Id*. at 18-20. There was no court-awarded survivor annuity benefit, *see id*. at 13, 18-20, 24-28, and it is undisputed that Mr. Williams did not make a new election to provide a former spouse survivor annuity. On September 23, 2005, OPM issued an initial decision denying the appellant's request for a former spouse survivor annuity. *Id*. at 10. She requested reconsideration and on February 23, 2006, OPM issued a reconsideration decision affirming its initial decision. *Id*. at 6-8.

¶3 Mr. Williams died on October 22, 2012. *Id*. at 33. At some point thereafter, the appellant requested a lump sum benefit. On September 9, 2013, OPM issued a final decision denying her request, and she subsequently filed an

appeal with the Board.  *See Williams v. Office of Personnel Management*, MSPB Docket No. DC-0831-14-0107-I-1.  During the proceedings in that appeal, which was eventually dismissed as withdrawn, it became apparent that the appellant had never received the February 23, 2006 reconsideration decision.  *See* IAF, Tab 19, Initial Decision at 2.   Therefore, on March 4, 2014, OPM issued a new reconsideration decision, again affirming the September 23, 2005 initial decision that denied the appellant's request for survivor annuity benefits.  IAF, Tab 1 at 3-5; *see* Initial Decision at 3.

¶4        This appeal followed.  IAF, Tab 1.  During the proceedings below, the appellant conceded that the 2003 divorce decree voided Mr. Williams's 1995 survivor annuity election and that Mr. Williams had failed to timely reelect the benefit within 2 years of the divorce as required by statute and regulation.  IAF, Tab 15.  However, she argued that she is entitled to the benefit because OPM had failed to properly notify Mr. Williams that his original election was voided by the divorce and that he could reelect the benefit within 2 years of the divorce if he so desired.  *Id*.

¶5        In response, OPM provided an affidavit by the administrator of the contract for printing and distribution of forms and notices, who stated that all annuitants had been mailed a general notice regarding survivor annuity benefit elections every December from 1986 through 2008, using the names and addresses maintained on OPM's "master annuity roll."  IAF, Tab 16.  OPM also provided sample copies of the December 2002, December 2003, and December 2004 versions of the notice.  *Id*. at 7, 9, 11.  The latter two included an advisory explaining that a survivor annuity election terminates upon "divorce of the annuitant from the elected spouse[.]"  *Id*. at 7, ¶ 5; at 9, ¶ 5.  In addition, the December 2003 and December 2004 versions of the notice included the following advisory:

> Please note that a NEW SURVIVOR ANNUITY ELECTION IS REQUIRED to provide a former spouse annuity WITHIN TWO YEARS AFTER THE DIVORCE, even if you had previously elected to provide a survivor annuity for that spouse at the time of retirement as a current spouse. Continuing a survivor reduction, <u>by itself</u>, is not a former spouse survivor election.

*Id*. at 7, ¶ 3; at 9, ¶ 3 (capitalization and emphasis as in the original).

¶6      Based on the written record, the administrative judge found that OPM had provided sufficient evidence that it met its obligation to notify Mr. Williams of the requirement to make a new survivor annuity election. Initial Decision at 5-7. Thus, he affirmed the March 4, 2014 reconsideration decision. *Id*. at 8.

¶7      On petition for review, the appellant contends that the administrative judge erred in finding that OPM provided sufficient proof that the notice concerning survivor annuity election rights was actually sent to Mr. Williams. Petition for Review (PFR) File, Tab 1. In particular, she objects that the samples provided by OPM do not bear a name, address, or Civil Service Account (CSA) number. *Id*. She also states that she has filed Freedom of Information Act (FOIA) requests with the Board, OPM, and the Department of Justice seeking documents pertaining to OPM's master annuity roll, and she submits a copy of the Board's response, which found no responsive documents. PFR File, Tabs 1, 7-8. She further argues that, even if the notice was sent was sent to Mr. Williams, it was defective under *Simpson v. Office of Personnel Management*, [347 F.3d 1361](#) (Fed. Cir. 2003). PFR File, Tab 7. In addition, she states that she is requesting that the family court modify the divorce decree to include wording that would specifically address survivor annuity benefits. *Id*. She also asserts that the administrative judge erred in stating that she did not request a hearing. PFR File, Tab 1.

¶8      The agency has responded to the petition for review, PFR File, Tab 4, and the appellant has replied, *id*., Tabs 7-8, 10-11.

**ANALYSIS AND FINDINGS**

¶9        The former spouse of a retired federal employee is entitled to a survivor annuity if and to the extent the retiree expressly provided for one in an election under 5 U.S.C. § 8339(j)(3), or in the terms of a divorce decree or any court order or court-approved property settlement issued in connection with the divorce decree.  5 U.S.C. § 8341(h)(1).  Neither the 2003 divorce decree nor any related court order or property settlement included a term expressly awarding the appellant a survivor annuity.  On review, the appellant states that she is requesting that the state family court now modify the divorce decree to include an award of spousal survivor annuity benefits.  *See* PFR File, Tab 7.  However, OPM's regulations provide that a court order awarding a former spouse survivor annuity is not acceptable for processing if it is issued after the date of retirement or death of the employee and modifies or replaces the first order dividing the marital property of the employee or retiree and the former spouse.  5 C.F.R. § 838.806(a).  Hence, even if the appellant were to obtain the modification she seeks, it would be ineffective for the purpose of awarding a survivor annuity.  *See Djeridi v. Office of Personnel Management*, 115 M.S.P.R. 250, ¶ 11 (2010).

¶10        It also is undisputed that the appellant's former spouse, Mr. Williams, did not make an election under 5 U.S.C. § 8339(j)(3).  However, there is a dispute as to whether OPM met its statutory obligation to notify him annually of his election rights under 5 U.S.C. § 8339(j).  *See* 5 U.S.C. § 8339 note.  Even without an affirmative election by the annuitant, a former spouse may nonetheless receive survivor annuity benefits if (1) the annuitant did not receive the required notice, and (2) there is sufficient evidence to show that the annuitant intended to provide a survivor annuity for the former spouse.  *Hernandez v. Office of Personnel Management*, 450 F.3d 1332, 1334-35 (Fed. Cir.  2006).  The burden of proof is on OPM to prove both that it sent the annual notice and that the notice was adequate to inform Mr. Williams of the specific election requirements under 5 U.S.C. § 8339(j).  *Djeridi*, 115 M.S.P.R. 250, ¶ 15.

¶11    On review, the appellant argues, as she did below, that OPM failed to prove that it sent Mr. Williams the annual notice. PFR File, Tab 1. She objects that the sample copies provided by OPM do not bear a name, address, or CSA number showing that they were sent to Mr. Williams. However, there is no requirement that OPM provide such specific evidence. *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1381 (Fed. Cir. 1999). The question is whether OPM has provided credible evidence showing that it is more likely than not that the annual notice was sent. *Id.* Here, OPM provided an affidavit from a responsible OPM official averring that general notices regarding survivor elections were sent to all annuitants annually, and explaining the procedures by which notices were mailed to each annuitant on the master annuity roll. IAF, Tab 16. The appellant has filed various FOIA requests seeking documents relating to the master annuity roll, but since there is no dispute that Mr. Williams was receiving his annuity payments, it already is evident that his name and address were on it. *See Schoemakers*, 180 F.3d at 1381. Under these circumstances, we find it more likely than not that OPM did send Mr. Williams the annual notice. *Id.*

¶12    The next question is whether the notice was sufficient to inform Mr. Williams of the election requirements. Our reviewing court has held that, to meet the statutory notice requirement, the annual notice must explicitly inform the annuitant that, even if he had previously elected a spousal annuity when married, he must make a new election after his divorce, and that the continued receipt of a reduced annuity does not suffice to constitute an election. *Simpson*, 347 F.3d at 1364-65. The appellant contends that the notices sent by OPM are deficient under *Simpson*. PFR File, Tab 7. However, the December 2003 and December 2004 versions of the notice, which Mr. Williams would have received during the election period, include the required advisories. *See* IAF, Tab 16 at 7, 9. The administrative judge therefore was correct in finding that OPM satisfied its statutory notice obligation and that the failure of Mr. Williams to

elect a former spouse survivor annuity under 5 U.S.C. § 8339(j) precludes the appellant from obtaining the benefit she seeks.

¶13 We also have considered the appellant's claim that the administrative judge erroneously stated that she did not request a hearing. PFR File, Tab 1. The administrative judge did in fact acknowledge that the appellant requested a hearing, and on November 19, 2014, he issued an order scheduling a hearing for December 15, 2014. IAF, Tab 12. The appellant then withdrew her hearing request during a December 8, 2014 conference call. IAF, Tab 15. In the initial decision, the administrative judge stated in more general terms that the appellant had "waived her right to a hearing," IAF, Tab 19, Initial Decision at 1, but it is apparent that he was referring to the appellant's withdrawal of her hearing request, and not implying that she had failed to request a hearing in the first instance.

¶14 Accordingly, based on the above reasons, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.