UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BARBARA S. PROSSER,
　　　　　　Appellant,

v.

OFFICE OF PERSONNEL
　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
CH-0831-16-0094-I-1

DATE: September 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Mark C. Fels, Esquire, Springfield, Missouri, for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying her request for a survivor annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        OPM denied the appellant's request to reconsider its initial decision, in which it had denied her request for a survivor annuity because her decedent spouse failed to elect a former spouse survivor annuity for her by direct election in the 2 years following their 2005 divorce and the terms of their divorce decree or marital settlement did not provide for one.  Initial Appeal File (IAF), Tab 5, Subtab 2.  The appellant subsequently filed a Board appeal and did not request a hearing.  IAF, Tab 1.  On the written record, the administrative judge affirmed OPM's reconsideration decision, finding that OPM met its burden to demonstrate that it had sent the annuitant the required annual notice of election rights and that the content of that notice was adequate to inform him of the specific election requirements.  IAF, Tab 10, Initial Decision (ID).

¶3        In her petition for review, the appellant argues that OPM's affidavit is insufficient to establish its burden of proving that it sent a compliant version of the required annual notice of election rights.  Petition for Review (PFR) File, Tab 1 at 1-2.  She contends that the affidavit is deficient because it does not

distinguish between or set forth the content of the notices sent in each of the specified years. *Id.* at 3. Therefore, because the general notices issued by OPM between 1989 and 2003 were found insufficient by the U.S. Court of Appeals for the Federal Circuit, and OPM's affidavit does not reflect that it changed those general notices, the appellant argues that OPM failed to prove that it sent a compliant notice to the appellant. *Id.* at 3-4. The appellant also argues that the blank notices provided by OPM in this action were not incorporated by reference in the affidavit and were undated. *Id.* at 4-5. Therefore, the appellant contends that OPM not only failed to establish that it actually sent the required notice, it also failed to establish that the content of the notice that it sent was sufficient to give the decedent notice of the specific election requirements. *Id.* at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The appellant, as the applicant for benefits, bears the burden of proving entitlement to a former spouse survivor annuity by preponderant evidence. *McKenzie v. Office of Personnel Management*, 113 M.S.P.R. 240, ¶ 7 (2010). "Divorce terminates a prior election of spousal survivor benefits." *Hernandez v. Office of Personnel Management*, 450 F.3d 1332, 1334 (Fed. Cir. 2006); *see* 5 U.S.C. § 8339(j)(5)(A). Thus, the appellant's entitlement to a survivor annuity, based on her ex-husband's pre-divorce election to provide such benefits, terminated when she and the appellant divorced in 2005.

¶5 The former spouse of a retired Federal employee is entitled to a survivor annuity if and to the extent the retiree expressly provided for one in an election under 5 U.S.C. § 8339(j)(3), or in the terms of a divorce decree or any court order or court-approved property settlement issued in connection with the divorce decree. 5 U.S.C. § 8341(h)(1); *e.g.*, *Bleidorn v. Office of Personnel Management*, 111 M.S.P.R. 456, ¶ 6 (2009). In this matter, it is unrebutted that neither the 2005 divorce decree nor any related court order or property settlement included a term expressly awarding the appellant a former spouse survivor annuity.

¶6 Even without an affirmative election by the annuitant, a former spouse may nonetheless receive survivor annuity benefits if (1) the annuitant did not receive the required notice, and (2) there is sufficient evidence to show that the annuitant intended to provide a survivor annuity for the former spouse. *Hernandez*, 450 F.3d at 1334-35. The burden of proof is on OPM to prove both that it sent the annual notice and that the notice was adequate to inform the annuitant of the specific election requirements under 5 U.S.C. § 8339(j). *Djeridi v. Office of Personnel Management*, 115 M.S.P.R. 250, ¶ 15 (2010).

¶7 On review, the appellant challenges the adequacy of OPM's affidavit, arguing that it fails to set forth the content of the notices sent to annuitants in the specified years and also fails to note the changes which were made to the various notices used in different years to make them compliant with the pertinent statute. PFR File, Tab 1 at 2-4. The appellant also argues that the affidavit failed to incorporate the undated blank notices submitted below and contends that the notices, which only reflect the date that OPM revised them, do not indicate when they were sent to the decedent. *Id.* at 4-5. Consequently, as noted above, the appellant asserts that OPM failed to establish its burden of proving that it sent a compliant version of the required annual notice of election rights to the decedent.

¶8 We disagree. There is no requirement that OPM provide such specific evidence. *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1381 (Fed. Cir. 1999). The question is whether OPM has provided credible evidence showing that it is more likely than not that the annual notice was sent. *Id.* Here, OPM provided an affidavit from a responsible OPM official averring that general notices regarding survivor elections were sent to all annuitants annually and explaining the procedures by which notices were mailed to each annuitant on the master annuity roll. IAF, Tab 5, Subtab 2. OPM also provided examples of the two most pertinent notices it sent, those for 2005 and 2006, the years following the couple's divorce. *Id.*; *e.g.*, *Allen v. Office of Personnel Management*, 99 M.S.P.R. 653, ¶ 9 (2005). Our reviewing court has found this to be sufficient

evidence to support a reasonable inference that OPM sent the required notice. *Schoemakers*, 180 F.3d at 1381. The notices explain that a new survivor annuity election must be made within 2 years after the date a former spouse loses entitlement to a survivor annuity. IAF, Tab 5, Subtab 2 at 12, 14. Thus we agree with the administrative judge that the decedent more likely than not received adequate annual OPM notices concerning his election rights during the election period following the couple's divorce and that the appellant has failed to establish by preponderant evidence that she is entitled to a former spouse survivor annuity.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.