NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHIRLEY L. MEUNIER,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3135

---

Petition for review of the Merit Systems Protection Board in No. CH0831120581-I-1.

---

Decided: February 11, 2014

---

SHIRLEY L. MEUNIER, of Hoopeston, Illinois, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN A. MIZOGUCHI, Assistant Director.

---

Before RADER, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

PER CURIAM.

Shirley A. Meunier ("Petitioner") appeals from the final order of the Merit Systems Protection Board (the "Board") denying her petition for review of the Board's initial decision that affirmed the Office of Personnel Management ("OPM") decision denying Petitioner's request for survivor annuity benefits under the Civil Service Retirement System, based on the federal service of her deceased spouse, Robert E. Meunier, who retired in 1979.[1]  The Board denied Petitioner's claim because Mr. Meunier did not elect a survivor annuity for Petitioner, as required by 5 U.S.C. §8339(j)(5)(C)(i).  The Board found that Petitioner did not establish that OPM failed to send Mr. Meunier the statutorily required notice of his right to elect a survivor annuity or that Mr. Meunier intended to elect her for such.  The Board's decision is supported by substantial evidence, and is affirmed.

BACKGROUND

In 1997 Mr. Meunier married the Petitioner, his fifth wife.  In the month of their marriage, Mr. Meunier submitted a Designation of Beneficiary form to OPM designating Petitioner to receive lump-sum death benefits.  Mr. Meunier did not make a written election to provide Petitioner with a survivor annuity.

After Mr. Meunier's death in 2010, Petitioner applied for survivor annuity benefits.  OPM denied the application on the basis that Mr. Meunier did not make a written election to provide Petitioner with a survivor annuity.

---

[1]    *Meunier v. Office of Pers. Mgmt.*, No. CH-0831-12-0581-I-1 (M.S.P.B. June 11, 2013) ("*Final Order*"); (M.S.P.B. Oct. 12, 2012) ("*Initial Decision*").

Petitioner sought review by the Board, which affirmed the OPM decision on the basis that Mr. Meunier did not submit a signed writing to OPM electing Petitioner for a survivor annuity and Petitioner had not presented credible evidence that Mr. Meunier intended to do so.

## DISCUSSION

### I

We affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c); *Tunik v. Merit Sys. Prot. Bd.*, 407 F.3d 1326, 1330 (Fed. Cir. 2005).

The law requires that, upon remarriage, an election for a survivor annuity for a new spouse must be received by OPM within two years of the remarriage. *See* 5 U.S.C. §8339(j)(5)(C)(i).[2] No particular form or format is required for the election. All that is required is a signed writing conveying the federal retiree/annuitant's intent to make a survivor annuity election. *See Dorsey v. Office of Pers. Mgmt.*, 587 F.3d 1111, 1114 (Fed. Cir. 2009); *Harris v. Office of Pers. Mgmt.*, 985, F.2d 549, 550 (Fed. Cir. 1993).

---

[2] We note that our holding in this case is limited to the context of remarriages. *See* 5 U.S.C. §8341(b)(1) (providing that a widow or widower is entitled to an annuity "unless the right to a survivor annuity was waived under such section 8339(j)(1) or, in the case of remarriage, the employee . . . did not file an election under section 8339(j)(5)(C) or section 8339(k)(2) of this title").

The law also provides that, in the event the annuitant did not make a written election by signed writing pursuant to 5 U.S.C. §8339(j), the spouse may still receive the survivor annuity if "(1) the [annuitant] did not receive the required notice,[3] and (2) 'there is evidence sufficient to show that the [annuitant] indeed intended to provide a survivor annuity for the former spouse.'" *Hernandez v. Office of Pers. Mgmt.*, 450 F.3d 1332, 1335 (Fed. Cir. 2006) (quoting *Wood v. Office of Pers. Mgmt.*, 241 F.3d 1364, 1367 (Fed. Cir. 2001)); *see also Dachniwskyj v. Office of Pers. Mgmt.*, 713 F.3d 99, 102 (Fed. Cir. 2013).

"The onus is . . . upon OPM to show that notice was sent." *Brush v. Office of Pers. Mgmt.*, 982 F.2d 1554, 1560-61 (Fed. Cir. 1992).

> In accordance with the statutory mandate, OPM must show two things when attempting to prove that it has met its burden of providing retirees with the notice here in issue. First, OPM must attempt to prove that the notice was actually sent. Such evidence must be more than a bare allegation that notice was sent.

*Id.* An affidavit or the testimony of a person familiar with how annual notices are prepared and sent can satisfy OPM's burden to show that the annuitant received the annual notice. *See Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999). "Second, OPM

---

[3]    "OPM is statutorily obligated to inform each annuitant annually of his right to elect a survivor annuity." *Dachniwskyj v. Office of Pers. Mgmt.*, 713 F.3d 99, 102 (Fed. Cir. 2013) (citing Pub. L. No. 95-317, 92 Stat. 382 (1978), *as amended by* Reorganization Plan No. 2 of 1978, §102, 92 Stat. 3783 (codified at 5 U.S.C. §8339 note (1988))).

must offer proof as to the contents of the annual notice."
*Brush*, 982 F.2d at 1561.

> In the event that OPM is able to establish through
> credible evidence that it is more probable than not
> that the annual notice was sent, the burden of go-
> ing forward falls upon the petitioner. The peti-
> tioner, if able to do so, must put forth such
> credible testimony or other evidence tending to
> support the contention that the annuitant in
> question did not receive the annual notice. The
> Board must then decide whether it will credit the
> applicant's testimony, and whether that testimony
> overcomes the presumption that the notice was
> received. As in other cases before the Board, evi-
> dence regarding the annuitant's conduct . . . is
> probative evidence regarding the question wheth-
> er the annuitant would have made the election in
> question.

*Brush*, 982 F.2d at 1561.

OPM argues that the Board correctly decided the facts
of notice and intent. The Board found that OPM provided
sufficient affidavit evidence that it sent Mr. Meunier the
statutorily required notice. Petitioner's assertion to the
contrary was not supported by any evidence. The Board
further found that there was no evidence Mr. Meunier
intended to elect Petitioner for a survivor annuity. At the
proceedings before the Board, the administrative judge
("AJ") stated:

> OPM asserted that . . . it sent Mr. Meunier notice
> of his survivor annuity election rights. It provided
> an affidavit attesting to this claim. In a prehear-
> ing conference, the appellant stated no forms were
> sent to Mr. Meunier to explain his rights. I find
> that *Brush* does not require OPM to allow a survi-
> vor annuity for the appellant. First, the appellant
> provided no information or evidence that she

would know what correspondence Mr. Meunier received from OPM. Second, it is apparent from Mr. Meunier's actions relating to his other four marriages that he knew he had to notify OPM to request survivor annuity benefits for his new wife. Although he changed his beneficiary to provide the appellant with [] lump-sum [death] benefi[ts], he did not include a designation for the appellant to receive a survivor annuity. I find his conduct was not consistent with his having made an election of a survivor annuity.

*Initial Decision* at 4. On this appeal, Petitioner argues that the burden was improperly placed on her, and that OPM had not established that the required notice had been sent to Mr. Meunier.

II

We conclude that the Board's findings that Mr. Meunier received the required annual notice and that there was no evidence establishing his intent to provide Petitioner with a survivor annuity were supported by substantial evidence, and that the burden of providing contrary evidence was properly shifted to Petitioner.

The affidavit submitted by OPM to the Board satisfies the standard set forth under *Brush* and *Schoemakers*. The affiant stated that she is familiar with the notices regarding survivor elections and that such notices were sent to all annuitants on December 1997 and December 1998, the periods within which Mr. Meunier could make a survivor election following his marriage to Petitioner. Although the affidavit does not mention Mr. Meunier by name, but states that the notices were sent to all annuitants, naming the annuitant is not required for OPM to meet its burden of showing that it mailed the required notice to any specific annuitant. *See Schoemakers*, 180 F.3d at 1381 ("There is no requirement, however, that OPM's proof relate to any specific notices sent to the

particular annuitant."). A copy of the statutorily required notice was attached to the affidavit, thus satisfying the second requirement under *Brush* to prove the contents of the notice. *See Brush*, 982 F.2d at 1561; *Schoemakers*, 180 F.3d at 1380-81.

The burden having shifted to Petitioner, the Board found that Petitioner failed to put forth credible evidence that Mr. Meunier did not receive the required notice and that he intended to elect her for a survivor annuity.

There is no evidence, other than Petitioner's contention, that Mr. Meunier did not receive the required notice. The Board found that Petitioner would not know what correspondence Mr. Meunier received from OPM, and that Petitioner failed to show a reasonable likelihood that the notice was not sent to Mr. Meunier.

Further, assuming *arguendo* OPM did not send Mr. Meunier the required notice, Petitioner would have then been required to establish Mr. Meunier's intent to provide her with a survivor annuity. The Board's conclusion that Petitioner did not provide credible evidence of such intent is supported by substantial evidence. Looking at Mr. Meunier's previous marriages, the Board found that his prior conduct belied any assertion he intended to elect Petitioner for survivor annuity benefits. *See Brush*, 982 F.2d at 1561 ("[E]vidence regarding the annuitant's conduct . . . is probative evidence regarding the question whether the annuitant would have made the election in question."). At the time of retirement, Mr. Meunier elected his first and then-current wife for a survivor annuity. In 1980, Mr. Meunier and his first wife divorced and he eliminated her survivor annuity. In 1982, Mr. Meunier married his second wife, and elected her for a survivor annuity. Mr. Meunier and his second wife subsequently divorced in 1985 and he eliminated her survivor annuity benefits. In 1986, Mr. Meunier married his third wife, and elected health benefits for her. The record

shows that Mr. Meunier inquired of OPM how much it would cost to elect his third wife for a survivor annuity. In 1988, Mr. Meunier notified OPM of his divorce from his third wife, and requested that OPM remove her from his health benefits and add his fourth wife.[4]

Petitioner argues that Mr. Meunier's intent to provide her with a survivor annuity was thwarted by OPM sending him the wrong form in response to an alleged request Mr. Meunier made for the proper form. The AJ discussed this argument, and found that "[f]rom the appellant's statements, I infer that both she and Mr. Meunier knew that the form they completed together was not a request for a survivor annuity," and stating further that:

> With his prior wives [Mr. Meunier] requested a survivor annuity by completing a form upon retirement, but thereafter all his requests for changes upon remarriage were by letter. Had Mr. Meunier intended to provide a survivor benefit for the appellant, he only needed to write a letter stating his intent as he had successfully done on prior occasions.

*Initial Decision* at 3-4.

Thus, the Board found that Mr. Meunier knew how to elect a survivor annuity *without* using the standard form by sending a signed writing manifesting his intent, which he had done in the past. These findings are supported by substantial evidence, and support the Board's conclusion.

---

[4]    Petitioner has argued that Mr. Meunier was not legally married to his fourth wife. We agree with the Board that this is immaterial to the present appeal. *See Initial Decision* at 2. The record is unclear as to the date of Mr. Meunier's marriage to, and divorce from, his fourth wife.

The Board's findings are supported by substantial evidence in the record and are not otherwise arbitrary, capricious, an abuse of discretion, or not in accordance with law or obtained without procedures required by law. The Board's decision denying Petitioner a survivor annuity is affirmed.

## AFFIRMED

No costs.