NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROSE ANN KIMBLE-DAVIS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2023-1881

_____

Petition for review of the Merit Systems Protection Board in No. PH-0831-16-0365-I-1.

_____

Decided: March 18, 2024

_____

ROSE ANN KIMBLE-DAVIS, Reading, PA, pro se.

IOANA C. MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

_____

Before PROST, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Rose Kimble-Davis, the ex-wife of Harvey Kimble, a deceased federal employee, appeals the decision of the Merit Systems Protections Board (the "Board") finding her not entitled to certain retirement benefits. Because substantial evidence supports the Board's finding that Ms. Kimble-Davis did not establish she is entitled to the benefits, we affirm.

I

Ms. Kimble-Davis and Mr. Kimble married in 1979. Mr. Kimble worked for the United States Postal Service from March 1983 until January 2014, when he passed away. On June 30, 2006, Ms. Kimble-Davis and Mr. Kimble entered into a post-nuptial agreement, and on September 20, 2007 they divorced. Their agreement provided that both waived any right to each other's pension or retirement plans. When Mr. Kimble died, Doris Kimble, his daughter, applied for, and received, Mr. Kimble's lump-sum death benefits under 5 U.S.C. §§ 8342(b)-(d). *See Rose Ann Kimble-Davis v. Off. of Pers. Mgmt.*, No. PH-0831-16-0365-I-1, 2017 WL 2936603, at \*2 (M.S.P.B. July 5, 2017) ("*Decision*").[1]

Ms. Kimble-Davis also filed an application for death benefits, in which she stated she "may be listed as a beneficiary for benefits and/or a beneficiary by operation of law." S.A. 1.[2] The Office of Personnel Management ("OPM") denied her application because the Kimbles' divorce agreement did not provide for survivor benefits. Ms. Kimble-Davis requested reconsideration on the grounds that the divorce decree was not valid and,

---

[1]    Citations to page numbers in the *Decision* correspond to the page numbers of the copy of *Decision* in Ms. Kimble-Davis' informal appendix.

[2]    References to the S.A. refer to government's supplemental appendix.

therefore, she was still married to Mr. Kimble. OPM determined the divorce decree was still in effect, according to applicable state law, and that Ms. Kimble-Davis had not shown she was entitled to former spouse survivor benefits. OPM also pointed to the post-nuptial agreement, which provided that each party released its claim to the other party's pension.

Ms. Kimble-Davis appealed OPM's decision to the Board, arguing again that her divorce was not valid. She also argued that she had not been mentally competent when she signed the post-nuptial agreement and further speculated that Mr. Kimble had likely designated her as a beneficiary in documents held by OPM.

The Board held that Ms. Kimble-Davis had not established she was entitled to a former spouse survivor annuity. First, the Board found there was no evidence that Mr. Kimble had elected any survivor annuity – because he had not applied for retirement – and there were no documents indicating he had otherwise elected a survivor annuity. Second, the Board determined that even if there had been a pre-divorce election, the post-nuptial agreement and divorce decree expressly provided that Ms. Kimble-Davis released all claims to Mr. Kimble's pension and retirement plans. Third, the Board concluded that it could not set aside the state court's divorce decree as that matter was governed by state law and, hence, outside the scope of the Board's authority.

Ms. Kimble-Davis filed a petition for review by the full Board. The Board issued a final decision on March 30, 2023, finding that she "has not established any basis under [5 C.F.R. § 1201.115] for granting the petition for review." *Kimble-Davis v. Off. of Pers. Mgmt.*, No. PH-0831-16-0365-I-1, 2023 WL 2715688, at *1 (M.S.P.B. Mar. 30, 2023). Ms. Kimble-Davis then timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

"We must affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence." *Hernandez v. Off. of Pers. Mgmt.*, 450 F.3d 1332, 1334 (Fed. Cir. 2006); *see* 5 U.S.C. § 7703(c).

When a federal employee eligible for retirement dies while still employed, the late employee's former spouse is eligible for a survivor annuity if (a) the employee elected one pursuant to 5 U.S.C. § 8339(j)(3) within two years of the dissolution of the marriage, or (b) if a court order entered in the context of a divorce – a divorce decree, property settlement agreement, or other – makes specific reference to such benefits, *see* 5 U.S.C. §§ 8341(d)(2)(B), (h)(1). *See also* 5 C.F.R. § 838.912(a); *Dachniwskyj v. Off. of Pers. Mgmt.*, 713 F.3d 99, 102 (Fed. Cir. 2013); *Vaccaro v. Off. of Pers. Mgmt.*, 262 F.3d 1280, 1284 (Fed. Cir. 2001). "Divorce generally terminates a prior election of spousal survivor benefits." *Dachniwskyj*, 713 F.3d at 102 (citing 5 U.S.C. § 8339(j)(5)(A)(ii)). The election of a former spouse survivor annuity under 5 U.S.C. § 8341(h)(1) must be "expressly provided for" in the court order entered as part of the divorce. *Downing v. Off. of Pers. Mgmt.*, 619 F.3d 1374, 1377 (Fed. Cir. 2010).

Ms. Kimble-Davis argues on appeal that OPM's publications indicate that a divorce does not affect a prior designation of a beneficiary for retirement lump sum benefits, and further that no one has shown she was not a designated beneficiary. She relies in part on an OPM publication stating "[a] divorce does not affect a designation of beneficiary that was filed at some earlier time." Informal Br. at 6; *id.* at Exhibit A, p. 9. She also contends that OPM treated her case as a surviving spouse case, indicating that she was, in fact, a designated beneficiary.

The Board's contrary findings, that Ms. Kimble-Davis failed to demonstrate that Mr. Kimble ever designated her as a beneficiary or that she is a surviving spouse, is supported by substantial evidence. As the Board found, there is "no indication in this record that Mr. Kimble made any written election to provide the appellant with a survivor annuity during their marriage." *Decision*, at \*4. We reject Ms. Kimble-Davis' suggestion that OPM was required to prove she was not Mr. Kimble's beneficiary. Instead, in an action for a survivor annuity, the "burden of proving entitlement [is] on the applicant for benefits." *Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986); *see also Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998) ("The petitioner bears the burden of establishing error in the Board's decision."). Ms. Kimble-Davis has at no point identified any evidence demonstrating that she had been designated Mr. Kimble's beneficiary.[3] Instead, she relies entirely on her status as his former spouse, which is insufficient.

Moreover, even if Mr. Kimble had elected a survivor annuity prior to the divorce, that election would have been terminated by his failure to expressly provide for it in a court order as part of the divorce. *See Warren v. Off. of Pers. Mgmt.*, 407 F.3d 1309, 1313 (Fed. Cir. 2005). Under the applicable statutory provisions, without a specific election after dissolution of a marriage, a former spouse is not entitled to a survivor annuity except to the extent provided for in a specific court order entered as part of a divorce

---

[3]    For this reason, and also because she did not raise the issue with OPM or the Board, the OPM publications do not provide Ms. Kimble-Davis a basis for relief. *See Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not.").

proceeding. *See* 5 U.S.C. §§ 8339(j)(5)(A)(ii), 8341(h). The record contains no evidence of such an order.

Finally, while Ms. Kimble-Davis does not before us press her contention that her divorce decree is invalid, she offers a related, new argument: because OPM treated this dispute as a surviving spouse case, she should be considered a surviving spouse. Because this argument was not made to the Board, it is forfeited. *See Wallace v. Dep't of Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989). Regardless, even if OPM had treated this as a surviving spouse case, that mistake would not make up for the absence of a divorce decree providing for a survivor annuity. *See Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 416-17, 419-20 (1990) (holding that erroneous government advice does not trump statutory language).

### III

We have considered Ms. Kimble-Davis' other arguments and find them unpersuasive. For the reasons stated above, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.