# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MAY WEINSTEIN,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0843-18-0670-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: May 21, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Mirabella, Esquire, and Mark Weinstein, Esquire, Cumming, Georgia, for the appellant.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying her application for a former spouse survivor annuity. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the rationale for concluding that the appellant is not entitled to a former spouse survivor annuity, we AFFIRM the initial decision.

## BACKGROUND

The appellant's former husband, Mr. Weinstein, retired in 1989, while the couple was still married. Initial Appeal File (IAF), Tab 7 at 43. Upon retirement, he became a Civil Service Retirement System (CSRS) annuitant. *Id.* The couple elected for the appellant to receive a survivor annuity upon Mr. Weinstein's death. *Id.* at 43, 46. The couple subsequently divorced in December 2006. *Id.* at 16, 33-34. At the time of their divorce, they entered into a court-approved divorce agreement, which provided, "[e]ach party shall retain ownership of their bank and retirement accounts free of any claim of the other." *Id.* at 22-23, 27. The agreement further provided that the parties released any claims against each other's estates, such as claims for "family allowance." *Id.* at 29.

The parties do not dispute that Mr. Weinstein received annual notices from OPM in, as pertinent here, December 2005, December 2006, December 2007, and December 2008. IAF, Tab 15 at 15-16, Tab 25, Initial Decision (ID) at 4-5.

Those notices explained that if the annuitant had previously elected a survivor annuity for his then-spouse, it "terminate[d] upon . . . divorce," and "a new survivor election is required within 2 years after the divorce if [he] wish[ed] to provide a former spouse [survivor] annuity." IAF, Tab 15 at 18. The annuitant made no new election. IAF, Tab 7 at 8, 10.

Mr. Weinstein did not inform OPM of his divorce until 2016, and never provided OPM with a copy of the divorce decree. *Id.* at 8. Therefore, OPM continued to reduce Mr. Weinstein's monthly annuity payments to provide a survivor annuity for the appellant. *Id.* at 8-10. Mr. Weinstein died in December 2017. *Id.* at 19. The appellant filed an application with OPM for former spouse survivor annuity benefits. *Id.* at 16, 21. OPM denied this request, first in an initial decision and then in a reconsideration decision. *Id.* at 6-8, 14.

The appellant filed this appeal, disputing OPM's determination that she was not entitled to an annuity. IAF, Tab 1 at 4. After she waived her right to a hearing, the administrative judge issued an initial decision on the written record, affirming OPM's reconsideration decision. IAF, Tab 23; ID at 2, 6. He reasoned that the appellant's right to a survivor annuity terminated with her divorce from Mr. Weinstein, and the divorce agreement did not expressly provide for a survivor annuity. ID at 4-6. He also concluded that, contrary to the appellant's arguments, OPM's annual notices clearly informed Mr. Weinstein of the need to make a former spouse survivor annuity election within 2 years of the divorce. *Id.* Thus, because Mr. Weinstein made no such election, OPM properly denied the appellant's survivor annuity application. ID at 6.

The appellant has filed a petition for review, in which she argues that the administrative judge failed to consider an affidavit from her son. Petition for Review (PFR) File, Tab 1 at 6. She argues that this affidavit, submitted below, establishes that OPM provided her son with misleading information, effectively diluting or contradicting the information in its annual notices to Mr. Weinstein regarding the requirement for a post-divorce former spouse annuity survivor

election. *Id.* at 12-16; IAF, Tab 10. The agency has submitted a non-substantive response to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Divorce generally terminates a prior election for a survivor annuity for the former spouse. 5 U.S.C. § 8339(j)(5)(A)(ii). However, the divorced spouse is entitled to a survivor annuity if the annuitant elected one for her within 2 years after the divorce under 5 U.S.C. § 8339(j)(3), or if a survivor annuity is provided for in a divorce decree or a court order or court-approved property settlement agreement issued in conjunction with the divorce decree under 5 U.S.C. § 8341(h)(1). *Walley v. Office of Personnel Management*, 114 M.S.P.R. 198, ¶ 8 (2010).

The administrative judge found, and the parties do not dispute on review, that the divorce agreement did not provide for a survivor annuity. ID at 4. Instead, the agreement stated that Mr. Weinstein and the appellant had no claims against each other's "retirement accounts" and no entitlement to matters such as "family allowance." *See* 5 U.S.C. § 8341(h)(1) (providing that a divorce decree must "expressly provide[]" for a former spouse survivor annuity); *Walley*, 114 M.S.P.R. 198, ¶ 8 (stating the same); Black's Law Dictionary 92 (10th ed. 2014) (defining a "family allowance" as "a portion of a decedent's estate set aside by statute" for the temporary support of a spouse or other close family members). We discern no basis to disturb this finding.

OPM has a statutory obligation to notify each annuitant annually of his election rights under 5 U.S.C. § 8339(j). 5 U.S.C. § 8339 note; *Djeridi v. Office of Personnel Management*, 115 M.S.P.R. 250, ¶ 14 (2010). Thus, even absent an election under 5 U.S.C. § 8339(j)(3), a former spouse is entitled to a survivor annuity if OPM failed to provide this notice or provided information that "diluted or contradicted" its otherwise adequate notice and "there is some evidence that the employee wished his former spouse to receive the annuity." *Wood v. Office of Personnel Management*, 241 F.3d 1364, 1366-67 (Fed. Cir. 2001).

The administrative judge found that OPM provided adequate notice to Mr. Weinstein of his right to elect to provide a former spouse survivor annuity and he did not do so. ID at 4-6. We decline to disturb these undisputed findings. *See Holder v. Office of Personnel Management*, 47 F.3d 412, 415 (Fed. Cir. 1995) (finding sufficient OPM's notice to an annuitant that if he was divorced he had a specified time period to elect a former spouse survivor annuity). However, we supplement this reasoning to address the appellant's argument, raised both below and on review, that OPM provided Mr. Weinstein's son with confusing information regarding the need to re-elect a survivor annuity for the appellant. IAF, Tab 14; PFR File, Tab 1 at 12-16. Although the administrative judge did not address this argument, we find that his failure to do so was harmless as it does not affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The son of Mr. Weinstein and the appellant submitted a sworn affidavit below, indicating that, as the executor of both his parents' estates, he contacted OPM in 2006 to determine the effect of their pending divorce on the appellant's survivor annuity. IAF, Tab 10 at 5-6. He indicated that, "OPM directed me to OPM document RI 84-1." *Id.* at 6. He determined that no further action was necessary to continue the survivor annuity because this booklet, titled "Court-Ordered Benefits for Former Spouses," provided that "a divorce does not affect a designation of beneficiary that was filed at some earlier time." *Id.* The problem with the appellant's argument is that her son's reliance on the language he cites is not reasonable. *See Wood*, 241 F.3d at 1367 (evaluating the reasonableness of the annuitant's alleged belief that he needed take no further steps to provide for a former spouse survivor annuity); *Holder*, 47 F.3d at 415 (considering, in evaluating the adequacy of OPM's annual notices, whether the notice "reasonably informed" the annuitant of his right to elect a former spouse

survivor annuity). Instead, as the appellant acknowledges, the language specifically concerns "life insurance or retirement lump sum benefits," not survivor annuities.[2] PFR File, Tab 1 at 15. The RI 84-1 separately states that, "[f]or a former spouse to receive payments after the retiree's death, the retiree must elect, or the court order must provide for, a survivor annuity." IAF, Tab 16 at 10-11. In addition, the annual notices provided to Mr. Weinstein specified that divorce would terminate a prior survivor election, and he would need to make a new election within 2 years to provide a survivor annuity to his former spouse. IAF, Tab 15 at 18.

The circumstances here differ from those in *Wood*, 241 F.3d at 1366-67, in which the U.S. Court of Appeals for the Federal Circuit found that the accuracy of annual notices was undermined by OPM's letter in response to an inquiry from an annuitant on the question of a survivor annuity for his spouse, whom he was then divorcing. The annuitant in *Wood* wrote to OPM, and asked what he could do to ensure that his then-wife would be entitled to the annuity after the divorce. *Id.* at 1365. OPM responded that he could "voluntarily elect to provide survivor coverage for an ex-spouse." *Id.* OPM's response did not explain that after his divorce, he would need to make a new election. *Id.* at 1365-67. Because OPM's response could have led the annuitant to reasonably believe he had already made such an election, the Federal Circuit found OPM had effectively confused the accurate annual notices it sent to the annuitant following his divorce. *Id.* at 1367; *see Hernandez v. Office of Personnel Management*, 450 F.3d 1332, 1335 (Fed. Cir. 2006) (stating that notice of the right to elect a former spouse survivor annuity is insufficient if it does not explain that divorce terminates a previously

---

[2] The appellant is represented in this matter by both her son and a private attorney. IAF, Tab 1 at 5-6. To the extent her private attorney has stated that OPM specifically identified the incorrect provision in the RI 84-1 to the appellant's son, we have not considered this representation. IAF, Tab 14 at 6; PFR File, Tab 1 at 15. The appellant's son's affidavit does not support this statement, and the statement of the private attorney is not evidence. IAF, Tab 10 at 6; *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014) (explaining that the statements of a party's representative in a pleading do not constitute evidence).

elected spouse survivor annuity, and that a new election is needed). In contrast, the relevant portion of RI 84-1 set forth the election requirement, and therefore did not dilute the annual notices OPM sent to the annuitant in the instant appeal. IAF, Tab 16 at 10-11.

In addition, this case is distinguishable due to the quality of the annual notices the annuitant received. Part of the court's reasoning in *Wood* was based on that fact that the annual notice "was itself hardly a model of clarity, and did little to correct the earlier confusion" caused by OPM's response to the appellant's earlier inquiry. 241 F.3d at 1367. The annual notice in *Wood* stated that the annuitant could "elect a survivor annuity for [his] former spouse within two years after the marriage ended." *Id.* at 1366. In contrast, the annual notices provided to the annuitant in the instant appeal specified that divorce would terminate a prior survivor election, and he would need to make a new election within 2 years to provide a survivor annuity to his former spouse. IAF, Tab 15 at 18.

Because we are not persuaded that OPM provided incorrect or confusing information to Mr. Weinstein or his son, we do not reach the appellant's argument that Mr. Weinstein intended to provide her with a former spouse survivor annuity. PFR File, Tab 1 at 17-18. Accordingly, we affirm the initial decision as supplemented by this decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.